### EDWARD DONNELLY v. B. F. HILL, ETC.

**Account, Action on—Bill of Particulars—Evidence—General Admissions.**
> The depositions of the witnesses who prove a general admission or rather not a specific denial of the account when the parties were endeavoring to make an amicable settlement, is not sufficient to dispense with a bill of particulars when it was demanded, and especially when the only item named constituted so insignificant a part of the claim.

APPEAL FROM MARION CIRCUIT COURT.

March 12, 1873.

OPINION BY JUDGE PETERS:

Appellees do not controvert the proposition that appellant was a partner in constructing the Lebanon and St. Rose turnpike road

on the same terms that Donnelly and Bell were in constructing the Lebanon & Raywick turnpike road except as they contend the profits were to be equally divided between the three, Donnelly however contending that he was to have one-half the profits and Hill and McElroy jointly but a half of the profits.

Bell proves that by the terms of his contract with Donnelly he was to attend at the gravel bank and keep the hands there at their work, the terms of the two contracts therefore being the same except as to the division of the profits, Hill can not be entitled to compensation for services performed by him for the firm at the gravel bank, it is not pretended that Bell ever claimed, or was allowed compensation for like services. To entitle Hill, therefore, to compensation for services rendered by him there must have been a special agreement proved between him and the other members of the firm. And no such special agreement was proved. Indeed this is the general rule which prevails in general partnerships. *H. & P. Lee v. Lashbrook,* 8 Dana 214.

An account is presented by Hill with his petition, one of the charges of which is, "for various expenses for blacksmithing and other things they paid out $1,363.31.

On the report of the Master an item of $1,298.19 is credited to Hill for "Sundries acct." See Averitt & Russell's deposition. What composed the "various expenses" other than the blacksmithing, or the "Sundries" is not shown by the evidence. Hill professes to have an account of moneys expended by him for the firm and should, when called on, have furnished the items composing this large account. The deposition of the blacksmith was taken—he proved only $65 of the account. The depositions of the witnesses who prove a general admission or rather not a specific denial of the account when the parties were endeavoring to make an amicable settlement is not sufficient to dispense with a bill of particulars when it was demanded, and especially when the only item named constituted so insignificant a part of the claim. We are not satisfied that there was any error in adjudging to the partners co-equal shares in the profits, and the evidence will not authorize this court to say that Hill should not be allowed something for keeping appellant's horses. But for the errors in allowing Hill $500, for compensation "for services rendered the firm, and for failing to require him to itemize his account" for various expenses "black-

smithing, etc.," and requiring proof of the items generally, the judgment is reversed and the cause is remanded for further proceedings consistent herewith.

*W. B. Harrison, for appellant.*

*Hill, for appellees.*